UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY MARCUS SAVALL,<br><br>  Plaintiff,<br><br>v.<br><br>FCA US LLC; FISHER CHRYSLER DODGE JEEP RAM,<br><br>  Defendants. | Case No.: 21cv195 JM (KSC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Plaintiff Bradley Marcus Savall ("Plaintiff") moves to remand the instant case to the Superior Court of California for the County of San Diego. (Doc. No. 10-2.) Defendant FCA US LLC ("FCA") opposes. (Doc. No. 12.) The motion has been briefed and the court finds it suitable for submission without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the below reasons, Plaintiff's motion is **GRANTED**.

**I.   BACKGROUND**

According to his Complaint, on October 31, 2014, Plaintiff purchased a 2015 Jeep Cherokee vehicle from Fisher Chrysler Dodge Jeep Ram ("the dealership"). The vehicle was manufactured and distributed by FCA. Thereafter, Plaintiff attempted to have Defendants repair the vehicle because of a variety of defects and malfunctions, but the repairs were unsuccessful.

1

On December 17, 2020, Plaintiff filed his Complaint against FCA and the dealership in San Diego Superior Court alleging violations of the Song-Beverly Consumer Warranty Act, CAL. CIV. CODE §§ 1790-1795.8, including breach of the implied warranty of merchantability and breach of express warranty. (Doc. No. 1-4.) Plaintiff also brought a claim for fraud by omission against FCA, and a claim for negligent repair against the dealership. On February 1, 2021, FCA filed a Notice of Removal based on diversity jurisdiction.

## II.   LEGAL STANDARDS

Civil cases not arising under federal law are removable to federal court only if each plaintiff's citizenship is different from each defendant's citizenship, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *see also Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he court resolves all ambiguity in favor of remand to state court.").

## III.   DISCUSSION

In his Complaint, Plaintiff alleges "[t]he sales price of the subject vehicle is approximately $38,752.90." (Doc. No. 1-4 ¶ 9.) He further alleges he "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00." (*Id.* ¶ 12.) He also alleges he is "entitled to a civil penalty of two times [his] actual damages" because Defendants' failure to comply with its various obligations under the Song-Beverly Act were "willful, in that Defendant and its representative were aware" of these obligations, yet failed to meet them. (*See, e.g., id.* ¶ 15.) In his prayer for relief, Plaintiff seeks "actual

damages in an amount according to proof," as well as incidental, consequential, and punitive damages. (*Id.* at 12-13.) Plaintiff also seeks restitution and attorneys' fees. (*Id.*) Because it is not facially evident from the Complaint that the amount in controversy exceeds $75,000, it is FCA's burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds the $75,000 jurisdictional threshold.

In its Notice of Removal, FCA states the amount in controversy exceeds $75,000 because (1) "Plaintiff alleges that the sales price of the subject vehicle was $38,752.90" and (2) "[i]f Plaintiff was to prevail on his Song-Beverly claims, he could be awarded damages of $75,000.00 or more if awarded statutory civil penalties and attorney's fees." (Doc. No. 1 ¶¶ 17, 20.) FCA states, "[u]sing the sales price at $38,752.90 plus $77,505.80 as a 2x civil penalty pursuant to the Song-Beverly Act, totals $111,258.70." (*Id.* ¶ 20.) FCA further argues that because Plaintiff had driven the vehicle 12,511 miles when it was presented for the "Recall R27" issue, the mileage offset would make the resulting actual damages $34,712.49, which, when combined with a civil penalty of $69,424.98, would result in at least $104,137.47 in controversy. (*Id.* ¶ 22.) For the below reasons, doubt exists as to whether the amount in controversy exceeds $75,000.[1]

**A.   Actual Damages**

Under the Song-Beverly Act, a plaintiff may recover "an amount equal to the actual price paid or payable by the buyer," reduced by "that amount directly attributable to use by the buyer." CAL. CIV. CODE § 1793.2(d)(2)(B)-(C). Here, the installment contract attached to FCA's opposition shows that $38,752.90 was to be paid with $2,500 down and $32,465 "financed." (Doc. No. 12-2 at 36.) FCA also acknowledges that Plaintiff agreed to pay 4.57% interest with payments beginning on December 2, 2014, and continuing until September 2, 2019, but FCA does not argue that Plaintiff made all payments. (*See* Doc. No. 12 at 13.) Accordingly, it is unclear whether actual damages in the amount of

---

[1] Because the court finds doubt as to the amount in controversy, it is not necessary to reach Plaintiff's arguments with respect to complete diversity.

$38,752.90 or $34,712.49 is in controversy. *See Echemendia v. Subaru of Am., Inc.*, Case No. 2:20-cv-09243-MCS-JEM, 2020 WL 7311348, at *2 (C.D. Cal. Dec. 11, 2020) (faulting the defendant for citing the purchase price as the plaintiff's actual damages "without accounting for finance charges, evidence concerning when repairs were made, or anything else that could allow the Court to reliably estimate actual damages"); *Jackson v. Mercedes-Benz USA, LLC*, Case No. 5:20-CV-01681-DOC-KK, 2020 WL 7090839, at *2 (C.D. Cal. Dec. 2, 2020) (noting that the installment contract indicated a down payment, but faulting defendant because there were no facts indicating how many payments had been made); *but see Gupta v. Mercedes-Benz USA, LLC*, No. CV 20-9295-GW-JEMX, 2020 WL 7423111, at *3 (C.D. Cal. Dec. 10, 2020) (including the full purchase price in the amount in controversy because "[t]he Court only considers what a plaintiff's complaint puts in-controversy, not what a plaintiff is ultimately likely to recover or whether a defendant likely has a defense that will preclude some or all of that recovery").

### B.  Civil Penalty

As noted above, FCA argues that at least $34,712.49 in actual damages are in controversy, which exposes FCA to at least $69,424.98 as a civil penalty, and therefore, the total amount in controversy is at least $104,137.47 exclusive of attorneys' fees. (Doc. No. 1 ¶ 22.) FCA also points to Plaintiff's allegation that FCA acted "willfully" in failing to meet its obligations under the Song-Beverly Act. (Doc. No. 12 at 11-12.) As pointed out by FCA, in Song-Beverly Act cases, many district courts have found that civil penalties, however speculative, should be included in the amount in controversy whenever they are sought in the plaintiff's complaint. *See*, *e.g.*, *Modiano v. BMW of N. Am. LLC*, Case No.: 21-cv-00040-DMS-MDD, 2021 WL 973566, at *4 (S.D. Cal. Mar. 16, 2021) (finding an allegation of actual damages of at least $25,000 and a two times civil penalty sufficient to reach $75,000 threshold); *Wickstrum v. FCA USA LLC*, Case No.: 3:20-cv-00336-L-JLB, 2021 WL 532257, at *3 (S.D. Cal. Feb. 12, 2021) ("[T]he test is what amount plaintiff put in controversy, not FCA's potential liability."); *Villaron v. Ford Motor Co.*, Case No.: 2:20-CV-08580-AB-KS, 2021 WL 37679, at *2 (C.D. Cal. Jan. 5, 2021) (listing cases);

*Lopez v. FCA US LLC*, Case No. EDCV 20-1825 JGB (SPx), 2020 WL 7405795, at *2 (C.D. Cal. Dec. 16, 2020); *Vazquez-Ceron v. Ford Motor Co.*, Case No.: 20-cv-01318 W (KSC), 2020 WL 5905184, at *2 (S.D. Cal. Oct. 6, 2020) (seeking a "statutory repurchase" of the vehicle plus a two times penalty is sufficient); *Kalasho v. BMW of N. Am., LLC*, Case No. 20-CV-1423-CAB-AHG, 2020 WL 5652275, at *2 (S.D. Cal. Sept. 23, 2020) (seeking damages of "not less than $25,000" plus a two times civil penalty is sufficient to meet $75,000 threshold); *Rashid v. BMW of N. Am., LLC*, Case No.: 20cv573-L-DEB, 2020 WL 5640734, at *2 (S.D. Cal. Sept. 22, 2020) (seeking the "entire purchase price" of vehicle plus civil damages is sufficient).

However, many other district courts, including this court, have found that civil penalties should not be included unless the removing defendant makes some showing regarding the possibility of civil damages. *See*, *e.g.*, *Barrett v. FCA US LLC*, Case No. SA CV 21-00243-DOC-DFMx, 2021 WL 1263838, at *3 (C.D. Cal. Apr. 5, 2021) (declining to include "speculative" civil penalties in the amount in controversy); *Esparza v. FCA US LLC*, Case No. 2:21-cv-01856-RGK-MRW, 2021 WL 949600, at *1 (C.D. Cal. Mar. 12, 2021) (declining to include speculative civil penalties because they are to be determined by the court based on the specific facts of the case); *Khachatryan*, 2021 WL 927266, at *2 (defendant must show a two times civil penalty is more likely than not to be awarded); *Estrada v. FC US LLC*, Case No. CV 20-10453 PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (defendant must make some effort to justify the assumption of civil penalties); *Echemendia*, 2020 WL 7311348, at *2 (faulting the defendant for failing to cite any "allegations suggesting the type of willfulness required to justify civil penalties, let alone . . . . how much those penalties might be"); *Ronquillo v. BMW of N. Am., LLC*, Case No.: 3:20-cv-1413-W-WVG, 2020 WL 6741317, at *3 (S.D. Cal. Nov. 17, 2020) ("Defendant fails to identify the allegations in the Complaint it believes would justify such an award; nor does Defendant submit evidence regarding the size of civil penalties awarded in analogous cases."); *Millan v. FCA US LLC*, Case No.: 20cv328 JM (MDD), 2020 WL 3604132, at *1 (S.D. Cal. July 2, 2020).

Here, FCA argues the full civil penalty should be included in the amount in controversy because a civil penalty is available under the statute and because Plaintiff alleged he was entitled to the full civil penalty. (*See* Doc. No. 12 at 5 ("This alone establishes that the amount in controversy exceeds the jurisdictional requirement.").) Other than referring to Plaintiff's allegation that FCA acted willfully, however, FCA provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded. Moreover, even Plaintiff's lengthy Complaint alleges only that FCA's obligations were willfully violated because, in effect, FCA, with knowledge it could not repair the vehicle, failed to promptly provide Plaintiff with satisfactory redress. (Doc. 1-4 ¶¶ 15, 16.) If such boilerplate allegations were sufficient to defeat remand, then virtually any Song-Beverley action involving a new vehicle purchase would remain in federal court. Accordingly, FCA has failed to meet its burden of showing that the full civil penalty available under the Song-Beverly Act should be included in the amount in controversy. *See Zeto v. BMW of N. Am., LLC*, Case No.: 20-cv-1380-GPC-KSC, 2020 WL 6708061, at *5 (S.D. Cal. Nov. 16, 2020) (including full civil penalty where the defendant submitted "a detailed breakdown of how the civil penalties were calculated, backed up by passages from the complaint and other evidentiary exhibits").

### C. Attorneys' Fees

FCA argues that an unidentified amount of attorneys' fees should be included in the amount in controversy based on *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002). (Doc. No. 12 at 11.) In *Brady*, the court relied on a declaration by the plaintiff's counsel that his rate was $300 per hour and had billed $5,000 at the time of removal, as well as a declaration by the vehicle manufacturer detailing fee awards in similar cases, several of which were over $60,000. 243 F. Supp. 2d at 1011. Here, FCA provides no estimate as to Plaintiff's attorneys' fees that have accrued or will accrue. Without making some effort to set forth the value of attorneys' fees Plaintiff is expected to incur, or that Plaintiff has incurred, FCA has failed to meet its burden of showing that the amount

of attorneys' fees at issue satisfies the amount in controversy. Accordingly, there is doubt as to the amount of possible attorneys' fees that could be included in the amount in controversy. *See Barrett*, 2021 WL 1263838, at *3 (declining to award "speculative" attorneys' fees); *Esparza*, 2021 WL 949600, at *1 (noting that some courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years depending on legal strategy); *Khachatryan*, 2021 WL 927266, at *2 (faulting defendant for failing to cite any examples of the attorneys' fees that plaintiffs sought in other analogous cases); *Estrada*, 2021 WL 223249, at *3 (faulting defendant for making no effort to explain the amount of attorneys' fees might be sought or awarded).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 10-2) is **GRANTED**. The case is **REMANDED** to the Superior Court of California for the County of San Diego. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

DATED: April 28, 2021

JEFFREY T. MILLER
United States District Judge